THOMAS, J.,
concurring.
I fully concur with the majority opinion but write to further address Appellees’ likelihood of success on the merits. Here, the trial court impermissibly shifted the burden of persuasion to the State to disprove the assertion that the 24-hour waiting period imposed a significant restriction on the right to seek an abortion. By assuming the one-day waiting period imposed a significant restriction, the trial court erroneously applied a strict scrutiny analysis.
This was legal error for at least two reasons. First, Appellees are the movants and thus bear the burden of persuasion on proving that the law imposes a significant restriction on the right to seek an abortion. Second, an abortion regulation invokes strict scrutiny only if the regulation imposes a significant burden on the right of privacy; if the court finds the statute imposes a significant burden, then it may evaluate whether the regulation furthers a compelling State interest through the least intrusive means. N. Fla. Women’s Health and Counseling Servs. v. State, 866 So.2d 612, 621 (Fla.2003) (citing In re T.W., 551 So.2d 1186, 1194-95 (Fla.1989)). “The Court ultimately held that ... if a legislative act imposes a significant restriction on a woman (or minor’s) right to seek an abortion, the act must further a compelling State interest through the least intrusive means,...” Id. (emphasis added). Here, the trial court erroneously proceeded to decide, without any evidentiary basis, that (a) the one-day waiting period somehow imposed a significant restriction on a woman’s (or minor’s) opportunity to seek an abortion, and (b) the State failed to provide a compelling State interest in the regulation that was effectuated by the least intrusive means possible.
On remand, if the trial court cannot détermine that the law imposes a significant restriction on a woman’s right to seek ah abortion, then the statute is not subject to a strict scrutiny analysis. State v. Presidential Women’s Center, 937 So.2d 114 (Fla.2006) (declining to apply strict scrutiny applied to previous informed-consent law and omitting discussion of privacy implications). .There can be no shifting of the burden of persuasion to the State to defend the statute’s constitutionality, absent the critical threshold determination that the law significantly restricts a fundamental right.